IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TONYA COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-CV-193 |
| | ) | |
| WAKE FOREST UNIVERSITY | ) | |
| BAPTIST MEDICAL CENTER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The plaintiff, Tonya Cook, filed this lawsuit against her employer, Wake Forest University Baptist Medical Center, for allegedly discriminating and retaliating against her in violation of federal law. Ms. Cook moves to dismiss her case with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Medical Center moves to compel discovery and objects to dismissal unless Ms. Cook is ordered to disclose and return documents and recordings belonging to the Medical Center.

Given the unusual circumstances here, the Court will require Ms. Cook to make the materials belonging to the Medical Center available for its review and will condition the dismissal upon compliance. But the Court will not order Ms. Cook to return all copies of the documents or the recordings, as that is outside the scope of discovery and raises questions not appropriate for resolution in these proceedings in the current procedural posture.

## Facts

In August 2020, the Medical Center served Ms. Cook with requests for production of documents. In Document Request Two, the only request at issue here, the Medical Center asked Ms. Cook to:

> Produce any and all documents (including copies thereof) that are the property of the Defendant or that you have ever removed or directed to be removed from Defendant's premises, including, but not limited to, copies of any schedules, calendars, or schedule notebooks.

Doc. 21-1 at 18. In her initial response on October 20, 2020, Ms. Cook stated that she was withholding responsive documents protected by the attorney-client privilege and work-product rule. Doc. 21-2 at 19–20.

After the Medical Center requested a privilege log, *see* Doc. 21-3 at 2, and identified other deficiencies, *id.* at 3–9, Ms. Cook supplemented her response in late November, maintaining her previous objections and asserting a third objection based on a federal regulation concerning disclosure of protected health information by whistleblowers. Doc. 21-6 at 11 (citing 45 C.F.R. § 164.502(j)(1)(ii)(B)). Ms. Cook also produced a privilege log with her supplemental responses; in that log, she claimed a privilege for "Audio Recordings, Video Recordings, and Other Documents of Defendant" in her possession and asserted that they were "not relevant to this action and can only be disclosed to those authorized by statute." Doc. 21-5 at 2. These materials are the subject of the Medical Center's pending motion. *See, e.g.*, Doc. 27 at 7.

Immediately after receiving her supplemental responses and the privilege log, the Medical Center requested a phone conference to discuss their deficiencies, Doc. 21-7 at

2

4–5, as required by Local Rule 37.1.  During that phone conference, counsel for Ms. Cook refused to produce the "Audio Recordings, Video Recordings, and Other Documents of Defendant," despite the Medical Center's assertion that the objections were improper.  *See id.* at 2.  Soon thereafter, Ms. Cook told the Medical Center that she planned to voluntarily dismiss her case.  Doc. 21-8.

Ms. Cook filed her motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure on December 10, 2020.  Doc. 19.  The parties continued to discuss whether Ms. Cook would voluntarily disclose the information at issue despite her motion for dismissal.  *See* Doc. 26-1.  But they were unable to agree, and the Medical Center filed this motion to compel disclosure and the return of its property on December 31, 2020.  Doc. 21.

## Discussion

### I.     Are the materials discoverable?

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Relevance has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party."  *Shackleford v. Vivint Solar Dev. LLC*, No. CV ELH-19-954, 2020 WL 3488913, at *5 (D. Md. June 25, 2020) (citation omitted).

If a party refuses to make a disclosure required by Rule 26, the party seeking discovery may move to compel disclosure under Rule 37.  Fed. R. Civ. P. 37(a)(1).  "The party seeking discovery has the burden to establish its relevancy and proportionality, at

3

which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted." *Shackleford*, 2020 WL 3488913, at *5.

Here, the information sought in Document Request Two had obvious relevance, and Ms. Cook did not object on relevance grounds. Calendars and schedules could confirm or refute other evidence about when events happened, and the complaint specifically asserts that the Medical Center failed make reasonable accommodations related to Ms. Cook's work schedule. *See, e.g.*, Doc. 1 at ¶¶ 25–28. Ms. Cook apparently signed a confidentiality agreement, Doc. 21-9, so responsive materials might provide evidence to support a defense of employee misconduct, which can limit damages even if acquired after the employee was terminated for a discriminatory reason. *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 359–363 (1995); *Miller v. AT & T Corp.*, 250 F.3d 820, 837 (4th Cir. 2001). Ms. Cook did not object to the request as burdensome or disproportionate to the needs of the case, and the request was limited in scope, focusing only on property belonging to the Medical Center. The request was relevant, and Ms. Cook had a duty to produce responsive materials absent a valid exception.

Ms. Cook refused to produce the materials based on claims that they were either privileged or protected under the work-product rule, or, in her late-filed objections, that disclosure would violate 45 C.F.R. § 164.502(j)(1). These objections are without merit and border on the frivolous.

First, it is well established that "attorney-client privilege protects only the disclosure of client communications, and not the disclosure of any underlying facts," and

4

that "a client cannot possibly hide information simply by communicating it to his lawyer." *In re Allen*, 106 F.3d 582, 604 (4th Cir. 1997). Second, the work-product rule shields only documents that are "prepared in anticipation of litigation" by a party or its representative. *See* Fed. R. Civ. P. 26(b)(3)(A); *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 985 (4th Cir. 1992). Ms. Cook does not have attorney-client privilege or work-product privilege in documents and recordings belonging to the Medical Center just because she shared the materials with her attorney. She has offered no valid basis for asserting these privileges.

Her HIPPA objection fares no better. First, it was untimely. *See TJF Servs. v. Transp. Media, Inc.,* No. 5:17-CV-00626-RN, 2019 WL 7599942, at *2 (E.D.N.C. Jan. 22, 2019). Second, the regulatory provision concerning disclosures by whistleblowers that she claims prohibits her from disclosing the materials to the Medical Center does no such thing. That provision, 45 C.F.R. § 164.502(j)(1), provides that a covered entity—like the Medical Center—"is not considered to have violated the requirements of this subpart" prohibiting disclosure of protected health information when, *inter alia*, "a member of its workforce"—like Ms. Cook—"discloses protected health information" to a health oversight agency or an attorney.[1] The regulation does not prohibit employees from disclosing to their employer protected health information in materials belonging to their employer. Nor has Ms. Cook identified any authority suggesting disclosure in this context is prohibited, no doubt because such an interpretation is nonsensical.

---

[1] The Court expresses no opinion on whether a HIPPA breach has occurred, and if so, whether 45 C.F.R. § 164.502(j)(1) applies here.

Ms. Cook points out that § 164.502(j) "allows whistleblowers to disclose otherwise private health information" to "a retained attorney" under certain circumstances. Doc. 26 at 7. But the provision says nothing about whether such private health information is discoverable in litigation, and she does not explain why this section prohibited her from responding to a legitimate discovery request. Indeed, HIPPA regulations specifically authorize disclosure in judicial proceedings, including in response to discovery requests. *See* 45 C.F.R § 164.512(e)(1)(ii).[2]

Ms. Cook's objections were without merit and not substantially justified. She should have produced responsive documents to the Medical Center long before she asked the Court to voluntarily dismiss the case. Had she not filed her motion for voluntary dismissal, an order compelling disclosure would unquestionably be appropriate, as would an order requiring her to pay the Medical Center's expenses. *See* Fed. R. Civ. P. 37(a)(5)(A).

## II. What is the appropriate remedy?

Ordinarily, outstanding discovery requests become moot, unnecessary, or inappropriate when a plaintiff files a motion for voluntary dismissal with prejudice. *See, e.g.*, *Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, No. 8:18-CV-1498-TMC, 2018 WL 9785308, at *6 (D.S.C. Nov. 20, 2018) (denying motion to compel

---

[2] Ms. Cook never expressed concerns that the Medical Center would disclose any protected health information in violation of federal regulations. Even if she had, those concerns could have been resolved by suggesting a protective order, as is routinely done in civil litigation, not by an outright refusal. Fed. R. Civ. P. 26(c); LR 26.2. The Court does not suggest a protective order is necessary. The Medical Center is a covered entity, as it admits, Doc. 22 at 12, and is subject to whatever the relevant regulations require and prohibit even without a protective order.

6

and staying discovery until disposition of a motion to dismiss); *Bioxy, Inc. v. Birko Corp.*, 935 F. Supp. 737, 744–45 (E.D.N.C. 1996) (granting Rule 41 motion and denying pending discovery motions as moot). But the filing of a motion for voluntary dismissal, even with prejudice, does not deprive the Court of its authority to examine the facts and circumstances surrounding the motion. Nor does it strip the Court's authority to decide pending discovery motions. Courts have substantial discretion in dealing with discovery issues and in ruling on motions for voluntary dismissal. *Bost v. Wexford Health Sources, Inc.*, No. CV ELH-15-3278, 2020 WL 1890506, at *9 (D. Md. Apr. 15, 2020) (noting that district courts have "a wide berth to control discovery."); *see Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) ("The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court . . . ."); *see also La Rouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.")

Here, under these fairly unusual facts, it would be inappropriate to allow Ms. Cook to dismiss her case without requiring compliance with a valid discovery request in which the Medical Center has a current, legitimate interest. Based on what Ms. Cook has disclosed so far, there is a very high likelihood that the documents and recordings at issue, which by Ms. Cook's own characterization belong to the Medical Center,[3] contain protected health information of patients at the hospital; she affirmatively asserts as much by claiming the HIPPA regulations apply. *See* discussion *supra* at 5–6. If so, the

---

[3] *See* Doc. 21-5 at 2 (plaintiff's privilege log identifying materials as "Audio Recordings, Video Recordings, and Other Documents of Defendant").

Medical Center will almost certainly have obligations under those regulations requiring notice of a breach of privacy. 45 C.F.R. §§ 164.400–414. The Medical Center thus has a legitimate need to know what protected health information Ms. Cook has in her possession. Ms. Cook avoided disclosing these legitimate discovery materials for months only by imposing meritless objections, including after the Medical Center initiated the required meet-and-confer. The timing of Ms. Cook's motion for voluntary dismissal is suspicious, suggesting her decision was influenced at least in part by a wish to avoid disclosure. Finally, Ms. Cook has not identified, much less shown, that she will be prejudiced or unduly burdened if she is required to produce the documents and recordings. These materials are in her possession, there is nothing to indicate they are voluminous or contain any private information about Ms. Cook, and they can easily be made available to the Medical Center.

Taken together, these constitute exceptional circumstances sufficient to condition the motion for voluntary dismissal on compliance with the reasonable discovery request, which the Medical Center made months ago. It is appropriate to order Ms. Cook to make these documents and recordings available to the Medical Center, both under Rule 37 and as a condition of her voluntary dismissal. *See Amick v. Am. Elec. Power Co.*, No. 2:13-CV-06593, 2014 WL 3750017, at *2 (S.D.W. Va. July 29, 2014) (noting that extraordinary circumstances are a basis for denying motions for voluntary dismissal). The Court will order Ms. Cook to produce copies of all documents and make available all recordings for inspection and copying by the Medical Center.

The Medical Center asks for other remedies, but those remedies are either premature or inappropriate. For example, the Medical Center asks that Ms. Cook return all copies of all documents and return any such recordings, but discovery orders only require litigants to share information, not to completely give up possession of responsive items and documents in their possession. Such an order would not be appropriate as a sanction under Rule 37, as sanctions beyond expenses are usually appropriate only when a litigant fails to comply with a court order or completely fails to respond to discovery requests. *See Sines v. Kessler*, No. 3:17-CV-00072, 2020 WL 7028710, at *1 (W.D. Va. Nov. 30, 2020); *Hughley v. Leggett*, No. DKC 11-3100, 2013 WL 3353746, at *2 (D. Md. July 2, 2013).

This is not the best forum to decide whether Ms. Cook wrongfully took the materials or whether she has any right or interest sufficient to maintain possession of these materials. S*ee, e.g.*, *Cabotage v. Ohio Hosp. for Psychiatry, LLC*, 2:11-CV-50, 2012 WL 3064116, at *4 (S.D. Ohio July 27, 2012) (declining to decide any potential claims about the plaintiff's possession of the defendant's data, which was wrongfully obtained, but precluding the plaintiff from using the data in the pending action). The Court declines to decide the merits of any potential legal claims related to Ms. Cook's possession of the Medical Center's property or to otherwise sanction Ms. Cook for removing the documents. Such determinations are outside the scope of this case and are not ripe.

### III. Reasonable Expenses & Attorney's Fees

When a motion to compel is granted, Rule 37(a)(5)(A) provides that absent an exception, the party whose conduct necessitated the motion must pay the movant's reasonable expenses and fees. Fed. R. Civ. P. 37(a)(5)(A). If none of the rule's exceptions apply, this relief is mandatory. *Valle v. Wolff*, No. BR 19-15518, 2021 WL 294513, at *4 (D. Md. Jan. 28, 2021) (collecting cases). The Medical Center shall file a supplemental motion with a supporting brief and evidence related to the amount of the fees and expenses no later than March 12, 2021, if it wants to pursue this remedy. Ms. Cook may file a response no later than March 31, 2021.

It is **ORDERED** that:

1. The defendant's motion to compel, Doc. 21, is **GRANTED** and Ms. Cook **SHALL** produce copies of all documents and make all recordings available to the defendant to inspect and copy no later than February 26, 2021.
2. Upon filing of a verification signed by the plaintiff subject to penalties for perjury, the Court expects to grant the motion for voluntary dismissal and enter judgment dismissing the plaintiff's claims with prejudice.

This the 16th day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE